# EXHIBIT A

| SUMMONS | |
|---|---|
| District Court:<br>Chaves County<br>New Mexico<br>Court Address: P.O. Box 1776<br>Roswell, NM 88202-1776<br>Court Telephone No.: 575-622-2212 | Case Number:<br>D-504-CV-2019-01099<br><br>Judge: Hunter, Dustin K. |
| **Terry Kirby,**<br>        Petitioner,<br>v.<br>United Parcel Service, Inc dba United Parcel<br>Service Co.,<br>        Respondent. | Registered Agent for United Parcel Service<br>Co<br>Name: CSC Of Lea County, Inc., 726 E.<br>Michigan Drive, Suite 300, Hobbs, NM<br>88240 |

TO THE ABOVE-NAMED RESPONDENT (S)/PETITIONER: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person(s) who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You must contact the State Bar of New Mexico for help finding a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at __Roswell__, New Mexico, this __23rd__ day of __October__, 2019.

By: *Janet Bloomer*
        Deputy

By: /s/Clayton S. Hightower
Clayton S. Hightower
701 West Country Club Road
Roswell, NM 88201
Telephone No.: (575) 622-5440
Fax No.: (575) 622-5853
Email Address: csh@sbcw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES
OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN

**STATE OF** _____ )
                                  ) ss.
**COUNTY OF** _____       )

    I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in <u>Chaves</u> county on the _____ day of ____ _____, 2019 by delivering a copy of this summons', with a copy of the complaint attached, in the following manner: **(check on box and fill in appropriate blanks)**

- o   To Defendant _____ *(used when Defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*
- o   To Defendant **by [mail]** [courier service] as provided by Rule 1004 NM RA *(used when service is by mail or commercial courier service*
- o   To _____ a person over fifteen (15) years of age and residing at the usual place of abode of Defendant, *(used when the Defendant is not presently at place of abode)* a copy of the summons and complaint
- o   To _____, the person apparently in charge at the actual place of business or employment of the Defendant and by mailed by first *class mail* to the Defendant *at (insert Defendant's business address)* and by mailing the summons and complaint by first class mail to the Defendant *at (insert Defendant's last known mailing address)*.
- o   To _____ an agent authorized to receive service of process for Defendant _____ to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of Defendant *(used when Defendant is a minor or an incompetent person)*.
- o   To _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the Defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustee, the State of New Mexico or any political subdivision)*.

**Fees**: _____

_____
**Signature of person making service**

_____
**Title** *(if any)*

**Subscribed and sworn to before me this** _____ day of _____, 2019.

_____
**Judge, notary or other officer authorized To administer oaths**

_____
Official title

My Commission By:

FILED
5th JUDICIAL DISTRICT COURT
Chaves County
10/22/2019 4:47 PM
KATIE ESPINOZA
CLERK OF THE COURT
Janet Bloomer

**STATE OF NEW MEXICO**
**COUNTY OF CHAVES**
**IN THE FIFTH JUDICIAL DISTRICT COURT**

**TERRY KIRBY**
    **Plaintiff,**

**vs.**

                                      D-504-CV-2019-01099

**UNITED PARCEL SERVICE, INC. d/b/a**
**UNITED PARCEL SERVICE, CO.**
    **Defendant.**                       Case assigned to Hunter, Dustin K.

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Terry Kirby (hereinafter Plaintiff) in the above-styled and numbered case, and files this his Original Complaint against, United Parcel Service, Inc. d/b/a United Parcel Service, Co., (hereinafter called "UPS"), and would respectfully show the Court as follows parties:

### I. PARTIES

1. Plaintiff, Terry Kirby, is an individual and resident of the State of New Mexico. Plaintiff is a citizen of the State of New Mexico. Plaintiff is an employee within the meaning of the New Mexico Human Rights Act, codified at N.M. Stat. Ann. §28-1-1 (1978), et seq.

2. Defendant United Parcel Service, Inc. d/b/a United Parcel Service, Co., is a New Mexico entity doing business in Chaves County, New Mexico that may be served with process by serving its registered agent, CSC of Lea County, Inc. at 726 E. Michigan Drive, Suite 300, Hobbs, NM 88240. This Defendant is an employer within the meaning of the New Mexico Human Rights Act and New Mexico common law.

### II. JURISDICTION AND VENUE

3. Venue is proper in this Court because a substantial portion of the acts and omissions complained about occurred in Chaves County, New Mexico.

4. The New Mexico state courts have concurrent jurisdiction with federal courts to hear and decide claims brought under the ADA. *Weaver v. N.M. Human Servs. Dep't,* 1997–NMSC–039, ¶ 2, 123 N.M. 705, 945 P.2d 70.

## III. ADMINISTRATIVE PREREQUISITES

5. Plaintiff has met all administrative prerequisites for bringing this action against Defendant. On September 14, 2018, Plaintiff filed a charge of discrimination on the basis of Disability with the State of New Mexico Department of Workforce Solutions, co-filed with Equal Employment Opportunity Commission ("EEOC") Charge No. 543-2018-00861 against Defendant. On July 23, 2019, Plaintiff was issued a Notice of Suit Rights from the Equal Employment Opportunity Commission and it was received several days later.

## IV. FACTS

6. Plaintiff started working for UPS in October of 2003 and planned on retiring from UPS.

7. Plaintiff was employed with UPS for 13 years and had not had any disciplinary actions against him.

8. June of 2007 Plaintiff became a delivery driver delivering packages for UPS.

9. November of 2015, Plaintiff was at work and was getting back into his truck when his right knee locked up on him and he was sent home.

10. Plaintiff went to the doctor later and found he had a small fracture in his femur and worked on it with the small fracture until he had surgery.

11. November of 2016, Plaintiff was at work and was getting back into his truck when his left knee locked up on him.

12. From November of 2015 to April 2018 Plaintiff had to have 7 surgery on his left knee.

13. October 2016 Plaintiff had to have an epidural procedure to burn the nerves in his back to help with pain.

14. April of 2018 Plaintiff had to have one surgery on his right knee to silicone the fracture in his femur to keep from having to use screws and rods.

15. Plaintiff contacted his supervisor and let him know that he had been hurt while on the job getting into his truck.  He informed his supervisor that he thought he needed medical attention to which his supervisor told him to go to the doctor.

16. Plaintiff went to the doctor and was informed that his knees were worn out due to him get in and out of his truck hundreds if not thousands of times a week delivering packages, lifting packages, loading and unloading packages and that the injury was defiantly work related.

17. At that time Plaintiff was put on light duty by the doctor and he made his supervisor aware of the issue.

18.  Plaintiff contacted his supervisor and manager and requested several times to be put on light duty and even offered to be put on desk duty and was denied all requests.

19. Plaintiff went to other supervisors requesting all 3 of them as well to be put on light duty and all of his requests were denied.

20. Plaintiff asked to be placed on light duty, even offered to work behind a desk and again he was told by a supervisor "There is no work for you." and "There is no light duty at UPS."

21. Plaintiff contacted his union representative, in Albuquerque and again requested to be put on light duty and again was denied.

22. Plaintiff qualified for promotions but was told by his manager that he could not be promoted until her was off of restrictions.

23. June of 2017, Plaintiff was placed on long-term disability by his doctor at which time he was still asking to be put on light duty at work.

24. As of the filing of this lawsuit Plaintiff has not been terminated but has been told that until he is released 100% by his doctor he will not be allowed to return to work.

25. Plaintiff has not received any wages from Defendant during the relevant period nor has the Defendant made any attempts to provide Plaintiff with any work accommodations.

26. Plaintiff is not receiving any workers' compensation or long term disability benefits at this time.

## V. CAUSE OF ACTION

### COUNT I. DISCRIMINATION UNDER THE
### NEW MEXICO HUMAN RIGHTS ACT AND THE AMERICANS WITH DISABILTY
### ACT (ADA)

27. The above described conduct of Defendants violated the New Mexico Human Rights Act. Defendants intentionally discriminated and retaliated against Plaintiff and then constructively discharged Plaintiff because of his age and disability. See NMSA §28-1-7 (1978).

28. Plaintiff was subjected to retaliation based on his injuries sustained at work which is a form of discrimination that is prohibited by the New Mexico Human Rights Act. See NMSA §28-1-7 (1978). The above described conduct of the Defendants was unwarranted and done with the intention to make sure Plaintiff was not able to work and to make him quit.

29. The ADA prohibits discrimination in employment against a "qualified individual with a disability," unless the selection criteria are "job-related" and "consistent with business

necessity" and the job performance cannot be accomplished by "reasonable accommodation." 42 U.S.C. §§ 12112(a), 12113(a). *See Lamay v. Roswell Indep. Sch. Dist.,* 118 N.M. 518, 527, 882 P.2d 559, 568 (Ct.App.1984).

30. Because of Plaintiff's medical history as stated above his medical condition substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

31. Plaintiff was fully qualified to work for and could perform all the essential functions of the position based on reasonable restriction set forth by his doctors.

32. UPS is unwilling to accommodate said restrictions.

33. UPS is a covered employer to which the ADA applies.

34. UPS termination and disqualification of Plaintiff on the basis of his disability and UPS's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by UPS violated the ADA.

35. UPS is a covered employer under the New Mexico Human Rights Act.

36. As a result of UPS actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## COUNT II.
## RETALIATION UNDER THE NEW MEXICO HUMAN RIGHTS ACT

37. It is an unlawful discriminatory practice for an employer to aid, abet, incite, compel or coerce the doing of any unlawful discriminatory practice or to attempt to do so and engage in any form of threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice. The aforementioned acts of Defendants constitute unlawful retaliation against Plaintiff in violation of NMSA §28-1-7 (1978).

## COUNT III.
## COMMON LAW TORT OF RETALIATORY DISCHARGE

38. The aforementioned acts of Defendants constitute unlawful retaliatory discharge against Plaintiff for exercising his rights.

39. In the event Plaintiff is successful under Count I and/or Count II as described above, Plaintiff also asserts a common law tort of retaliatory discharge.

40. The New Mexico Human Rights Act (NMHRA) constitutes a clear mandate of this State's public policy against unlawful discriminatory practices.  It protects employees against employer actions that contravene this State's public policy against discrimination.

41. Specifically, the NMHRA includes, an individual's race, sex and age among the categories protected by public policy against discrimination in employment.  See NMSA §28-1-7 (A)(1978).

42. Furthermore, the NMHRA also makes it unlawful for an employer to engage in any forms of threats, reprisal or discrimination against any person who has opposed an unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding. See NMSA §28-1-7 (1978).

43. In Gandy v. Wal-Mart Stores, Inc., 117 N.M. 441, 872 P 2d 859 (1994), the New Mexico Supreme Court held that the tort of retaliatory discharge may be based on a violation of one of the public policy mandates set out in the New Mexico Human Rights Act.

44. The establish a claim for retaliatory discharge, an employee must demonstrate that:

> He was discharged because he performed an act that public policy has authorized or would encourage, or because he refused to do something required of him by his employer that public policy would condemn...The employee must also show a causal connection between his actions and the retaliatory discharge by the employer.

Shovelin v. Cent. N.M. Elec. Co-op., Inc. 115 N.M. 293, 303, 850 P. 2d 996, 1006 (1993) (internal quotation marks and citation omitted). "The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee violated a clear mandate of public policy." Id. (internal quotation marks and citation omitted).

45. As outlined above, Plaintiff alleges the foregoing conduct of Defendant and its managers, acting in the course and scope of their management authority for Defendant, amounted to discrimination in violation of the NMHRA. The conduct which Plaintiff complains about violates the NMHRA, and as a consequence violates the public policy of the State of New Mexico.

46. Due to Defendant's wrongful termination of Plaintiff in contravention of the stated public policy of the State of New Mexico, Plaintiff has suffered damages.

## VI. DAMAGES

47. Plaintiff has been unable to obtain alternate employment which compensates him at the pay rate which he earned while employed by Defendant or provides the same benefits he earned while employed by Defendant. As a matter of reasonable probability, Plaintiff will be unable to obtain such alternate employment for a period of time in the future. Plaintiff has therefore sustained damages in for form of lost wages in the past and lost wages in the future, as well as the loss of past and future benefits of employment.

48. As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, mental anguish, and a loss of enjoyment of life, and as a matter of reasonable probability, Plaintiff will continue to experience emotion pain, inconvenience, mental anguish, and loss of enjoyment of life

for a period of time in the future.  Plaintiff has further suffered additional consequential damages.

49. With respect to Count III only, Plaintiff requests punitive damages against Defendant. Plaintiff would show that Defendant engaged in a discriminatory conduct with malice or with reckless indifference to the legally-protected rights of Plaintiff.  Plaintiff would further show that Defendant intentionally and outrageous conduct which caused him severe emotional distress entitles him to punitive damages.  Plaintiff requests punitive damages in addition to his back pay, interest on back pay, or other relief authorized by law.

## VII. JURY REQUEST

50. Plaintiff requests trial by jury on the issues in this case.

## VIII. ATTORNEY'S FEES AND EXPERT FEES
## FOR CLAIMS BROUGHT UNDER THE NEW MEXICO HUMAN RIGHTS ACT

51. Plaintiff has been forced to retain the undersigned counsel to protect and enforce his rights and has incurred the obligation to pay reasonable and necessary attorney's fees.  Therefore, Plaintiff is entitled to attorney's fees as allowed by the New Mexico Human Rights Act and expert fees.

## IX. PRAYER

52. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff Terry Kirby, prays that Defendant be cited to appear and answer that upon final hearing he obtain judgment providing him with all compensatory damages sought herein, pre-judgment interest, post-judgement interest, reasonable and necessary attorney's fees through the appeal process, expert fees, costs of court, and for such other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

SANDERS LAW FIRM

By: */s/Clayton S. Hightower*
Clayton S. Hightower
701 W. Country Club Rd.
Roswell, NM  88202-0550
575-622-5440
Attorneys for Plaintiff

# VERIFICATION

STATE OF NEW MEXICO   )
                      ) ss.
COUNTY OF CHAVES      )


      I, Terry Kirby, being first duly sworn, deposes and states that he has read the foregoing Pleading that he is familiar with its contents, and that the matters and facts stated herein are true and correct to the best of his knowledge, information and belief.

Terry Kirby

SUBSCRIBED and SWORN TO BEFORE ME this 27ʳᵈ day of October 2019, by Terry Kirby.

Notary Public

My Commission expires:

October 31, 2022

OFFICIAL SEAL
SHEILA R. PENA
NOTARY PUBLIC
STATE OF NEW MEXICO
Com: Expires 10/31/22

**EXHIBIT B**



**null / ALL**
**Transmittal Number: 20586069**
**Date Processed: 10/24/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Salem Desir<br>Bishop Martin<br>CSC Test<br>Arlette Willis<br>Michelle Mira |

| | |
|---|---|
| **Entity:** | United Parcel Service Co.<br>Entity ID Number  2551174 |
| **Entity Served:** | United Parcel Service Co |
| **Title of Action:** | Terry Kirby vs. United Parcel Service, Inc. d/b/a United Parcel Service, Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Chaves County District Court, NM |
| **Case/Reference No:** | D-504-CV-2019-01099 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 10/23/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Clayton S. Hightower<br>575-622-5440 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com